WOOD v. FISKE.

The declarations of a former owner of land, made while in possession, are competent evidence upon the question of its boundaries.

WRIT OF ENTRY. Facts found by a referee. The controversy was upon the question of the true location of the boundary line of the parties' lands. The defendant's evidence tended to show that Richardson, under whom the plaintiff claims, and who owned and occupied the plaintiff's lot from 1816 to 1877, during all that time recognized the boundary line as now claimed by the defendant. To contradict this, the plaintiff offered to show by a son of Richardson, that his father, while in possession of the land, and before any controversy about the boundary line had arisen, pointed out to him a bound as the true one, which is the same to which the plaintiff now claims. The evidence was excluded, and the plaintiff excepted.

*F. G. Clarke* and *A. F. Stevens*, for the plaintiff.

*E. M. Smith* and *C. H. Burns*, for the defendant.

ALLEN, J. The evidence of Richardson's declarations, made while he was in possession of the land, as to the location of a boundary, was competent to rebut the defendant's evidence of the plaintiff's constant recognition of the boundary claimed by the defendant, and would have been competent as affirmative evidence of his own boundaries. *South Hampton* v. *Fowler*, 54 N. H. 197, and cases cited on page 200.

*Report recommitted.*

STANLEY, J., did not sit: the others concurred.